J-S01007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ANTONIO MICHAEL WATSON JR. | : | |
| | : | |
| Appellant | : | No. 1123 MDA 2016 |

Appeal from the PCRA Order June 21, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-CR-0004868-2010,
CP-22-CR-0004871-2010

BEFORE:   GANTMAN, P.J., DUBOW, J., and MUSMANNO, J.

JUDGMENT ORDER BY GANTMAN, P.J.:        **FILED FEBRUARY 03, 2017**

Appellant, Antonio Michael Watson Jr., appeals *pro se* from the order entered in the Dauphin County Court of Common Pleas, which denied his *pro se* petition for collateral relief, per the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.   On June 8, 2011, Appellant pled guilty to robbery, conspiracy to commit robbery, aggravated assault, persons not to possess a firearm, receipt of stolen property, and firearms not to be carried without a license.   The court sentenced Appellant on September 22, 2011, to an aggregate term of 11½ to 27 years' imprisonment.   Appellant did not file a direct appeal.   On July 24, 2014, Appellant filed a *pro se* motion to correct his illegal sentence, which the court treated as a PCRA petition.   The court appointed counsel on September 29, 2014.   Counsel filed a petition to

withdraw with a "no merit" letter on October 14, 2014.[1]  Appellant responded on November 7, 2014, objecting to counsel's petition.  On November 5, 2015, the court ordered counsel to file a supplemental PCRA petition.  Counsel complied on March 3, 2016.  The court issued Pa.R.Crim.P. 907 notice on April 22, 2016, and on June 21, 2016, the court dismissed Appellant's PCRA as untimely and granted counsel's petition to withdraw.  On June 29, 2016, Appellant timely filed a *pro se* notice of appeal.  On July 18, 2016, the court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b).  Appellant timely complied on July 28, 2016.

The timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Hackett***, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009).  A PCRA petition must be filed within one year of the date the underlying judgment becomes final.  42 Pa.C.S.A § 9545(b)(1).  A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review.  42 Pa.C.S.A. § 9545(b)(3).  The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused.  42 Pa.C.S.A. § 9545(b)(1). A petitioner asserting a timeliness exception must file a petition within sixty

---

[1] ***See Commonwealth v. Turner***, 518 Pa. 491, 544 A.2d 927 (1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). When asserting the newly created constitutional right exception under Section 9545(b)(1)(iii), "a petitioner must prove that there is a 'new' constitutional right and that the right 'has been held' by that court to apply retroactively." *Commonwealth v. Chambers*, 35 A.3d 34, 41 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012). Instantly, Appellant's judgment of sentence became final on Monday, October 24, 2011, upon expiration of the time to file a direct appeal with this Court. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Appellant filed his current PCRA petition on July 24, 2014, well over two years later; thus, the petition is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant attempts to invoke the "new constitutional right" exception to the PCRA time bar by citing the U.S. Supreme Court's decision in *Alleyne v. U.S.*, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), and in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The Pennsylvania Supreme Court, however, has declared that the rule announced in *Alleyne* does not apply retroactively. *See Commonwealth v. Washington*, ___ Pa. ___, 142 A.3d 810 (2016) (holding *Alleyne* does not apply retroactively on collateral review to challenge to mandatory minimum sentence as "illegal"). *See also Commonwealth v. Miller*, 102 A.3d 988 (Pa.Super. 2014) (holding that even if *Alleyne* announced new constitutional right, neither our Supreme Court nor United States Supreme Court has held that

- 3 -

*Alleyne* applies retroactively, which is fatal to appellant's attempt to satisfy "new constitutional right" exception to timeliness requirements of PCRA). Therefore, Appellant's petition remains time barred, and the PCRA court lacked jurisdiction to review it. *See Hackett, supra*. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/3/2017